[No. 17010. Department One. September 6, 1922.]

G. R. MERKLEY *et al.*, *Respondents*, v. STETSON & POST LUMBER COMPANY, *Appellant*.[1]

DAMAGES (23) — BREACH OF CONTRACT — MITIGATION — DUTY TO OFFSET. The buyer of logs cannot recover for excess payments to a hauler, made under a mistake of fact, which were continued after discovery of the incorrectness of the scale agreed upon with the seller; since it was its duty to minimize the damages by offsetting the overpayments against the amounts accruing and subsequently paid.

Appeal from a judgment of the superior court for King county, Hall, J., entered June 13, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract and for money paid. Modified.

*Jay C. Allen*, for appellant.

*Reynolds, Ballinger & Hutson*, for respondents.

TOLMAN, J.—Respondents, as plaintiffs, sued to recover for an alleged shortage in cedar timber purchased and paid for under an oral contract with appellant, and for an excess payment for hauling, based upon what is alleged to be an incorrect and erroneous scale made by appellant. The case was tried to a jury, and on the first cause of action for the shortage, the verdict was for $2,012.95; on the second cause of action to recover the amount erroneously overpaid to the hauler,

[1]Reported in 208 Pac. 1089

the verdict was for $304.63. This appeal is from a judgment entered upon the verdict.

The record is voluminous, the errors assigned are many, and we find it impossible to discuss them separately, nor do we think any good purpose would be served in so doing. The gist of the matter is that respondents claim that they agreed to buy cedar logs f.o.b. trucks at appellant's mill, upon what is known in the trade as "association scale" and at "association prices." The logs were delivered with scale slips, but it now appears that the scale was made, not by an association scaler, but by a man in appellant's employ who did not belong to the association. There is evidence to the effect that for some time respondents did not know who was doing the scaling, and that, after they learned the identity of the scaler, they did not know that he was not an association scaler until about the time the shortage sued for was discovered. The evidence upon most of the material points is very conflicting. We have carefully examined it, having in mind the errors claimed, and are convinced that no reversible error occurred upon the trial below; that there was sufficient evidence properly admitted to take the first cause of action to the jury, and that the instructions of the court, when taken as a whole, properly submitted to the jury the questions involved.

The second cause of action involves the amount paid for hauling by reason of what the jury found to be an erroneous scale. Respondents had a written contract with the hauler which, among other things, provides:

"It is hereby stipulated and agreed by and between the parties hereto that the scale by which the logs are sold to parties of the first part shall be the scale used by the parties to this contract to determine the number of feet of logs hauled by party of the second part for the parties of the first part."

The logs were sold to respondents by association scale, and therefore they were bound to pay to the hauler only what he earned as computed by that scale. It is admitted that, though they did pay him from time to time according to the scale furnished by appellant, they, after discovery of the incorrectness of that scale and of the consequent overpayment, without attempting to offset that overpayment, paid to him other sums earned by other hauling in excess of the amount of such overpayment. It cannot be gainsaid that, upon the discovery that by a mistake of fact the hauler had been overpaid, respondents had the right to offset such overpayment against other amounts accruing to the hauler under his contract, and having the right it became their duty, in order to minimize the damages, to claim such offset. Appellant's motion for nonsuit as to the second cause of action should have been sustained.

The judgment appealed from will be modified by eliminating the amount of the verdict on the second cause of action, and as so modified it will stand affirmed.

Appellant will recover its costs in this court.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.